IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSHUA EMMANUEL PRESTON, | : | |
| Plaintiff, | : | |
| V. | : | NO. 5:22-cv-00175-MTT-MSH |
| WARDEN WHITTINGTON, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Plaintiff Joshua Emmanuel Preston, a prisoner in Wilcox State Prison in Abbeville, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983, Compl., ECF No. 1, and a motion to proceed in this action *in forma pauperis*. App. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As set forth below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. On preliminary review, Plaintiff is now **ORDERED** to recast his complaint consistent with this order if he wants to proceed with this action.[1]

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). As permitted by this provision, Plaintiff has moved for leave to proceed *in*

---

[1] Plaintiff states that he is a transgender individual, but he refers to himself by the name Joshua and does not indicate in his filings that he uses female pronouns. Thus, this order uses male pronouns when referring to Plaintiff. If Plaintiff uses female pronouns, he may inform the Court in writing and the Court will refer to Plaintiff by his preferred pronouns.

*forma pauperis* in this case. App. For Leave to Proceed *In Forma Pauperis*, ECF No. 2. Accordingly, because Plaintiff's filings show that he is unable to prepay any portion of the filing fee, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.[2]

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty

---

[2] Plaintiff's account statement indicates that he has a balance of $120.26. App. for Leave to Proceed *In Forma Pauperis* 3, ECF No. 2. Moreover, according to his transactions statement, Plaintiff received a "stimulus check" in the amount of $1400 on April 9, 2021, which is included in a general funds balance of $130.34. *Id.* at 4. However, the stimulus funds have not been generally released to the incarcerated within the Georgia Department of Corrections for personal use. *See e.g.* https://www.gpb.org/news/2021/02/06/stimulus-debit-cards-unusable-for-prison-inmates-in-at-least-four-states. And this appears to be the case for Plaintiff because his transactions statement also shows his "spendable amount" as $0. App. for Leave to Proceed *In Forma Pauperis* 4, ECF No. 2. Thus, despite his account statement showing a positive balance, it does not appear that Plaintiff has any available funds to prepay any portion of the filing fee.

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST**

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Here, the statement of claims consists

of eleven pages setting forth Plaintiff's allegations in a rambling and disjointed manner. *See* Compl. 5-15, ECF No. 1. Plaintiff jumps from one topic to another and sets forth what appear to be several different claims, some of which do not necessarily appear to be related to others. For some of these potential claims, Plaintiff provides a great deal of detail, whereas for others, he mentions them only briefly. *See id.* Plaintiff also includes a certain amount of extraneous information that does not appear to be related to his claims at all. *See id.* Thus, it is not clear what allegations Plaintiff intended to state a claim for relief and what he did not. In short, Plaintiff's statement of his claim, as currently drafted, does not comply with Rule 8, and he will need to recast his complaint as set forth below if he wants to proceed with this action.

Thus, Plaintiff is now **ORDERED** to recast his complaint consistent with this order if he wants to proceed with this case. In recasting his complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and

        any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he need not use legal terminology or cite any specific statute or case law to state a claim.  *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim.  Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

Plaintiff is cautioned, however, that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have against any state official.  In recasting his complaint, Plaintiff should be aware that he will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).  A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims."  *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  If Plaintiff cannot demonstrate a "logical relationship" between his claims, the unrelated claims will be dismissed.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his

recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

Plaintiff has also filed a motion to supplement the record, in which he appears to be making arguments in support of his claims. Mot. To Suppl., ECF No. 6. Plaintiff includes certain legal citations that he appears to believe apply to this case. While some of these legal doctrines may apply here, others clearly do not. For instance, Plaintiff cites to the Texas Penal Code even though his claims take place entirely within the state of Georgia. In light of this order to recast, Plaintiff's motion to supplement the record is now **DENIED**. To the extent that Plaintiff wants to set forth factual allegations in support of his claims or assert that an act of any defendant violated his rights, he may do so in his recast complaint. As mentioned above, Plaintiff does not need to use legal jargon or include legal citations to state a claim for relief.

The **CLERK** is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 7th day of June, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE